CahutiieRS, J.,
delivered the opinion of the court.
Dr. W. P. Eowles died, leaving an account for professional services, against Noah. Parker, for twenty dollars. The plaintiff, his administrator, suggested the insolvency of the estate, before the proper authority, under the acts of assembly, on that subject. After which, he took out a warrant on the said account. Before the magistrate, the defendant presented an adverse account against the deceased, for work and labor for him before his death, for twenty-two dollars and fifty cents, which he- offered as a set-off. The set-off was allowed before the justice of the peace, and also in the circuit court on appeal. Was this right ? We think it was. The objection taken to it is, that the debt against the defendant, was a part of the assets to be distributed pro rata, among all the creditors, and that the defendant’s account must be filed, and be subject to a rateable deduction, if the estate turned out to be insufficient to pay all the debts. That if he is allowed to plead his account as a, set-off, he will, in that way, get the whole of it, to the prejudice of other creditors. Though this reasoning is plausible, it is not sound. The notes and accounts of the deceased are not assets, if they have been discharged by payment, the creation of adverse accounts, or otherwise. It is only what remains after all just settlements with the debtors of the estate, which goes into the fund for distribution. Such is the rule in the case of bankrupt estates, and we consider the analogy complete. By the act of 1852, ch. 284, §§ 49, 50, this rule is expressly laid down. This we regard, as only declaratory of what the law was before. The case *531 before us is a good illustration of the justice of this principle. In 1848, the account with tlie deceased was contracted; it was a fee for filing an answer in chancery for defendant. In 1849, the adverse account was made. Its items are, forty-two days’ work at fifty cents a day, and one day hauling wood, at one dollar and fifty cents. It cannot be doubted, that it was the intention of the parties, that the latter should discharge the former account, and it would be most unjust to lay down a principle that would produce a different result. The settlement of the parties, perhaps, when receipts would have been passed, was only neglected on account of the fact, that each knew there was nothing between them, as their accounts were so nearly equal.
There can be no doubt but that justice has been done, and we think, in accordance with law.
Let the judgment below be affirmed.